Greg Brower, Nevada Bar No. 5232
Charles E. Gianelloni, Nevada Bar No. 12747
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
Email: gbrower@swlaw.com
Email: cgianelloni@swlaw.com

Robert P. Ducatman (*Pro Hac Vice*)
Lisa B. Gates (*Pro Hac Vice*)
Michael A. Zadd (*Pro Hac Vice*)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
Email: rducatman@jonesday.com
Email: lgates@jonesday.com
Email: mzadd@jonesday.com

Attorneys for Plaintiff
MATERION CORPORATION

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MATERION CORPORATION, an Ohio corporation,<br><br>Plaintiff,<br><br>v.<br><br>AQUA REGIA SOLUTIONS LLC, a Nevada limited liability company; ASALIENT LLC, a Nevada limited liability company; and SUNDARAJAN MUTIALU an individual,<br><br>Defendants. | CASE NO. 2:14-cv-02006-KJD-GWF<br><br>**CONSENT JUDGMENT AND PERMANENT INJUNCTION** |

Pursuant to Federal Rules of Civil Procedure 58 and 65, plaintiff Materion Corporation ("Materion") and defendants Aqua Regia Solutions LLC, Asalient LLC, and Sundarajan Mutialu (collectively, "Defendants"), jointly consent to and seek that the Court enter a stipulated Judgment and Permanent Injunction against Defendants.

Pursuant to the stipulation of the parties, the parties ask that the Court enters the following findings and conclusions:

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), *et seq.*

2. The Court has personal jurisdiction over Defendants.

3. Venue is proper in this District under 28 U.S.C. § 1391.

4. Defendants consent to the entry of this Consent Judgment and Permanent Injunction, and Defendants have the legal capacity to carry out all obligations and requirements herein.

5. On December 2, 2014, Materion commenced this action against Defendants for misappropriation of trade secrets, conversion, and tortious interference.

6. Materion has alleged, and Defendants do not dispute, the following:

    a. Materion develops, manufactures and markets highly engineered advanced materials for global customers across a wide range of markets. Materion serves customers in more than 50 countries and has operations, service centers and major office locations throughout North America, Europe, and Asia.

    b. Over many years, and through substantial time, effort and resources, Materion has developed confidential and proprietary trade secret information relating to, among other things, specialty engineered alloys, beryllium and non-beryllium metal and metal matrix composites, engineered clad and plated metal systems, precious and non-precious specialty metals, precision optic fibers, inorganic chemicals and powders, specialty thin film coatings, fabrication, material recycling and reclamation processes, surface treatments and metal inventory management.

    c. Materion uses reasonable means to safeguard its valuable confidential and proprietary trade secret information. The time, effort and research and development that Materion has devoted to its products, services, processes and technologies and to the creation and maintenance of its confidential and proprietary trade secret information mandate that this



information not be made public or Materion will lose the valuable competitive advantage resulting from it.

      d.    From June 2, 2008 to January 31, 2013, Dr. Petr Dedek was employed by Materion's wholly-owned subsidiary, Materion Czech, s.r.o. ("Materion Czech"), as its General Manager.

      e.    Dr. Dedek executed an employment agreement that obligated him to keep secret all confidential information and business secrets of Materion Czech and its business affiliates both during the term of his employment and thereafter.

      f.    Dr. Dedek's employment agreement further obligated him to report any inventions he made during the course of his employment with Materion Czech and provided that any related patent rights would inure to Materion Czech. Dr. Dedek was also obligated to follow Materion's Intellectual Property Patents Policy that required him to maintain notebooks to keep dated records of all inventive activities and provided that all inventions made by an employee relating to Materion belonged to Materion.

      g.    As the parent corporation to Materion Czech, Materion was and is the intended beneficiary of Dr. Dedek's employment agreement.

      h.    During the term of his employment with Materion Czech, Dr. Dedek worked with Dr. Matthew Noble, a senior refining technology chemist employed by Materion, in assessing, formulating, and further developing a method for removal and recovery of metals and precious metals from substrates, as further described in U.S. Provisional Patent Application Serial No. 61/575,976, U.S. Patent Application No. 14/241,105, U.S. Patent Application No. 14/562,340, PCT Application No. PCT/EP2012/003622 and EP Application No. 12772876.4 ("the Invention"). The Invention allows for the recovery of gold, platinum, and other precious metals using chemical methods of stripping, separating and purifying the metals from different substrates that result in high yields and purity of the precious metals while preserving the substrate. The Invention was intended to improve the precious metals reclamation programs already being offered by Materion.

   i. The Invention was developed through the use of Materion's equipment, resources, and materials within the scope of the employment of Dr. Dedek and Dr. Noble by Materion.

   j. A final invention disclosure record signed by Dr. Dedek and emailed to Dr. Noble in August of 2011 provided that all information contained therein is proprietary and confidential information of Materion.

   k. Materion prepared and filed with the U.S. Patent and Trademark Office a confidential U.S. provisional patent application based upon the Invention. This became U.S. Provisional Patent Application Serial No. 61/575,976 (the "Provisional Patent Application").

   l. From the time the Provisional Patent Application was filed, Materion has been using the Invention internationally and confidentially within the scope of services provided to its clients and customers.

   m. Materion ultimately elected not to pursue patenting the Invention, but to maintain it as a trade secret and allow the Provisional Patent Application lapse.

   n. Dr. Dedek, without the knowledge or permission of Materion, filed a Patent Cooperation Treaty application wrongfully claiming priority to Materion's Provisional Patent Application and the Invention described therein. The PCT application, Application No. PCT/EP2012/003622 ('622 application) was filed by Dr. Dedek on August 29, 2012.

   o. The '622 application contained Dr. Noble's contribution to the Invention, but Dr. Dedek failed to identify Dr. Noble as an inventor. The '622 application was published on March 7, 2013 as PCT Publication No. WO 2013/029785. Publication of the '622 application disclosed certain of Materion's trade secrets and know-how, thereby destroying their value and causing irreparable harm to Materion.

   p. Dr. Dedek then filed, again without Materion's knowledge or permission, patent applications in the European Patent Office and U.S. Patent Office in February 2014, basing priority on the '622 application and Materion's Provisional Patent Application. The EP patent application is EP Application No. 12772876.4, which was published on July 9, 2014 as EP

2751296, and the U.S. patent application is U.S. Patent Application Serial No. 14/241,105, which was published on June 24, 2014, as U.S. Patent Publication No. 2014/0165786.

7. On April 17, 2014, defendant Mutialu, on behalf of Aultimut International, LLC, and Dr. Dedek, individually and on behalf of Pureon, New Aqua Regia and "other DBA's," entered into a Mutual Confidentiality Agreement in connection with pursuing a business relationship.

8. On May 14, 2014, defendant Mutialu organized defendants Aqua Regia Solutions LLC and Asalient LLC for purposes of marketing and monetizing current and future assets of Dr. Dedek, including the licensing of the '622 application, EP Application No. 12772876.4, and U.S. Patent Application Serial No. 14/241,105, which embodied Materion's Invention.

9. On June 27, 2014, Dr. Dedek, individually and on behalf of Pureon, New Aqua Regia Solutions, and "all DBA's," and defendant Mutialu, individually and on behalf of Aultimut International, LLC, entered into an agreement whereby Mutialu agreed to assist Dr. Dedek with the management, planning, marketing, and monetizing of current and future assets, developing any new material, planning and implementing growth strategies, initiating new business ventures, and developing business ventures already started.

10. Materion has alleged and Defendants do not dispute that subsequent to Dr. Dedek's filing of the patents identified above and the incorporation of Aqua Regia Solutions and Asalient, Materion learned of Dr. Dedek's theft of the Invention and his plans to exploit the Invention and instituted this action.

11. Upon learning of the misconduct of Dr. Dedek alleged by Materion, Defendants stipulated to a preliminary injunction.

12. Materion has alleged and Defendants do not dispute that Materion is the rightful owner of the Invention, and of all rights, title and interest therein including, but not limited to, all patent rights.

13. Materion has alleged and Defendants do not dispute that the Invention is comprised of what was Materion's valuable confidential and proprietary trade secret information.

14. Materion has alleged and Defendants do not dispute that Dr. Dedek filed the '622 application, EP Application No. 12772876.4, and U.S. Patent Application Serial No. 14/241,105, without Materion's knowledge or consent and such patent applications are alleged to wrongfully claim priority to Materion's Provisional Patent Application and the Invention.

15. Materion has alleged and Defendants do not dispute that Dr. Dedek improperly disclosed valuable confidential and proprietary trade secrets belonging to Materion through his filing of the '622 application, EP Application No. 12772876.4, and U.S. Patent Application Serial No. 14/241,105 thereby causing irreparable harm to Materion.

16. Materion has alleged and Defendants do not dispute that Dr. Noble assisted in the development of the Invention and that Dr. Dedek failed to disclose him as an inventor in the '622 application, EP Application No. 12772876.4, and U.S. Patent Application Serial No. 14/241,105.

Defendants represent, covenant, and certify as follows:

1. Defendants and their attorney, Thomas Peterson, have documents in their possession that refer or relate to the Invention or Dr. Dedek. Defendants hereby waive any attorney-client privilege that could be asserted respecting these documents.

2. Defendants hereby and for all time and all places waive and disclaim any right, title, or interest in and to the Invention and/or the '622 application, EP Application No. 12772876.4, and U.S. Patent Application Serial No. 14/241,105.

3. To date, the only marketing or use of the Invention or related technologies or services by any Defendant and any agents, representatives, attorneys, entities, or persons acting on their behalf or in concert with any of them is the activity that was reflected on the website at the domain name aquaregiasolutions.com ("Aqua Regia Solutions Website"), which went online starting approximately November 6, 2014, was taken down in December 2014, and remains down. There has been no other activity in connection with the Invention or related technologies or services by any Defendants or any agents, representatives, attorneys, entities, or persons acting on their behalf or in concert with any of them that would constitute, in whole or in part, using, selling,

licensing, marketing, commercializing, assigning, communicating with prospective customers or investors, or engaging in research and development.

4. There has been no assignment, license or sale of the Invention or any related technologies or services to any Defendant or any agents, representatives, attorneys, entities or persons acting on their behalf or in concert with any of them.

5. Defendants reasonably believe they have sufficient control over the prosecution of U.S. Patent Application Serial No. 14/241,105 to compel continued suspension of examiner action on the application with the U.S. Patent and Trademark Office. This control over the application is based upon the express representation of Dr. Dedek, the patent applicant, to Defendant Mutialu and his attorney, Thomas L. Peterson, that all things necessary to protect Defendants from any adverse action by Plaintiff be done. Further, in the event that Defendants or their counsel learn that Dr. Dedek seeks to conduct himself contrary to his express representation, Defendants and their counsel will forthwith notify Dr. Dedek of the adverse implications to Defendants of any such conduct. In the event that Defendants or their counsel learn that Dr. Dedek has acted or intends to act in contravention of his representation, or if Dr. Dedek terminates his relationship with Mr. Peterson, Defendants will forthwith notify Plaintiff's counsel of such action.

6. Defendant Mutialu will voluntarily testify at a deposition in Orange County, California.

NOW, THEREFORE, it is hereby ORDERED and DECREED as follows:

A. Defendants, their successors, officers, servants, agents, attorneys, and employees, and anyone acting in active concert or participation with or at the behest of them, are hereby permanently and globally enjoined and restrained from:

(i) using, promoting, advertising, marketing, monetizing, selling, offering for sale, taking a license or assignment in, or licensing or offering for license the Invention or any patent or patent application that embodies the Invention including, but not limited to, the '622 application, EP Application No. 12772876.4, and U.S. Patent Application Serial No. 14/241,105;

1  (ii) assisting, directly or indirectly, with the prosecution of any patent applications that claim priority to the Provisional Patent Application and/or embody the Invention including, but not limited to, the '622 application, EP Application No. 12772876.4, and U.S. Patent Application Serial No. 14/241,105, except to the extent necessary to comply with Paragraph B below;

(iii) challenging, directly or indirectly, Materion's ownership in or the validity of the Invention or any patents or patent applications that embody it;

(iv) communicating, directly or indirectly, with Dr. Dedek with respect to the Invention, the '622 application, EP Application No. 12772876.4, and U.S. Patent Application Serial No. 14/241,105, except to the extent necessary to comply with Paragraph B below; and

(v) working directly or indirectly with Dr. Dedek to commercialize and market the Invention, the '622 application, EP Application No. 12772876.4, and U.S. Patent Application Serial No. 14/241,105.

B. Consistent with and pursuant to Paragraph 5 on page 8 of this Consent Judgment and Permanent Injunction, Defendants shall take all necessary measures to compel the continued suspension of examiner action on U.S. Patent Application Serial No. 14/241,105 until such time as Materion may direct otherwise.

C. Within thirty (30) days from the date of the entry of this Consent Judgment and Permanent Injunction, Defendants shall turn over to Materion any and all electronically stored information and hard copy documents referring or relating to Dr. Dedek, the Invention or the Provisional Patent Application and then shall immediately destroy any and all copies of any such electronically stored information and hard copy documents remaining in their possession. Notwithstanding the foregoing, Defendants' counsel Steven J. Parsons may retain one copy of his case file for this litigation. The case file retained by Mr. Parsons shall be used for record keeping purposes only.

D.  Defendant Mutialu will cooperate with Materion in scheduling and appearing as scheduled for a deposition, which shall be set within sixty (60) days from the date of the entry of this Consent Judgment and Permanent Injunction.

E.  As of the date of the entry of this Consent Judgment and Permanent Injunction, Materion's Complaint will be dismissed with prejudice and Defendants are barred from bringing any claim against Materion that could have been brought in this action. Materion will file its notice of dismissal with prejudice within fourteen (14) days after the filing of this Consent Judgment and Permanent Injunction.

F.  The terms of this Order are binding on and enforceable by and against the parties' successors and assigns.

G.  The Court shall retain jurisdiction over this Consent Judgment and Permanent Injunction and the parties for purposes of enforcement, including, but not limited to, adjudicating an allegation of non-compliance and awarding sanctions for any violations.

H.  Unless in connection with possible further litigation regarding non-compliance with this Consent Judgment and Permanent Injunction, neither party shall have any right to a trial or an appeal.

I.  This Consent Judgment and Permanent Injunction is a final judgment terminating all claims by all parties, bilaterally, in this action and is made part of the public record.

STIPULATED AND AGREED:

Dated: July 31 2015

MATERION CORPORATION

By: _/s/ Gregory Chemnitz_

Name: Gregory Chemnitz

Title: VP/General Counsel

Dated: July 15th, 2015

AQUA REGIA SOLUTIONS LLC

By: _/s/ S. Mutialu_ 7-15-15

Name: S. MUTIALU

Title: CONSULTANT TEMPORARY MANAGER

Dated: July 15th, 2015

ASALIENT LLC

By: _/s/ S. Mutialu_ 7-15-15

Name: S. MUTIALU

Title: CONSULTANT TEMPORARY MANAGER

Dated: July 15th, 2015

_/s/ Sundarajan Mutialu_ 7-15-15

SUNDARAJAN MUTIALU

IT IS SO ORDERED.

Dated this __10th__ day of November, 2015.

_____
U.S. DISTRICT JUDGE
KENT J. DAWSON

Dated: July _, 2015

Agreed as to Form and Content:

By: /s/ Michael A. Zadd
Greg Brower (NV Bar No. 5232)
Charles E. Gianelloni (NV Bar No. 12747)
Snell & Wilmer L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169

Robert P. Ducatman (*pro hac vice*)
Lisa B. Gates (*pro hac vice*)
Michael A. Zadd (*pro hac vice*)
JONES DAY
901 Lakeside Avenue
Cleveland, OH 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

Attorneys for Plaintiff
Materion Corporation

By: /s/ Steven J. Parsons
Steven J. Parsons (NV Bar No. 363)
Joseph N. Mott (NV Bar No. 12455)
Law Offices of Steven J. Parsons
7201 West Lake Mead Blvd., Suite 108
Las Vegas, NV 98128

Attorneys for Defendants
Aqua Regia Solutions LLC, Asalient LLC,
and Sundarajan Mutialu

- 11 -